CRANE v. BRUNDAGE.

This court will reverse the judgment of the justice, if it should appear by the return of the justice, that the witnesses, whose names appear on the transcript, were sworn for form sake, and did not sustain the plaintiff's demand. It is the duty of the justice, to hear the cause, and inquire into the truth of the plaintiff's allegation; and it is trifling with the forms of justice and the sanctity of oaths, to swear a man as a witness in a cause, for mere form's sake, and when it is understood at the time, that he knows nothing, and is to testify to nothing relating to the matter in controversy.

This was a certiorari directed to a justice of the peace, removing a judgment rendered by him in the court for the trial of small causes. The opinion of the court was delivered by the chief justice.

*Whitehead* for plaintiff in certiorari.

HORNBLOWER, C. J.    This was an action of debt, brought by Brundage against Crane, for penalties under the statute for the gradual abolition of slavery, *Rev. Laws*, 679, for not registering the birth of a colored child. There is no error apparent on the face of the justice's docket. The summons seems to have been duly served; the defendant did not appear, and the justice proceeded to hear and determine the cause in his absence. Two witnesses were sworn and examined on the part of the plaintiff, and the justice gave judgment in his favor for one hundred dollars debt with costs. Yet, after all, it turns out, that the judgment was rendered in this case, without any evidence whatever in support of the plaintiff's claim!

On the return of the certiorari, a rule was taken on the justice to certify whether any, and if any, what evidence had been given before him, in support of the state of demand, filed by the plaintiff below. In answer to this rule, the justice has felt himself bound to disclose the truth; and it now appears that the witnesses were sworn only *pro forma*, and to give the appearance of regularity to the judgment. One of the persons sworn, testified to nothing; and the other stated that he had worked for the defendant, and had seen a colored child about his house; or something to that effect; but gave no evidence tending to support the alleged cause of action.

By the seventh section of the act constituting courts for the trial of small causes, the justice is authorized to *hear* and *deter-*

Crane *v.* Brundage.

*mine the cause,* in the absence of the defendant, if it appears to him that the summons has been duly served, and no sufficient reason be assigned for the non attendance of the defendant. It is not only a familiar principle of law, but so plain a dictate of justice and common sense, that no man shall be condemned unheard and without proof, that one would hardly suppose there was a magistrate in the state, ignorant of the rule, or reckless enough to disregard it, when acting under his official oath. But in addition to this, the direction of the statute is so plain, that it is difficult to imagine how the path of duty can be mistaken. The justice may proceed in the absence of the defendant; not to give judgment against him as a matter of course, but to try, and to *hear* the *cause,* and to determine the *cause* according to law and evidence. Yet in many instances, justices have rendered judgments *by default,* as a matter of course, against defendants who did not appear at the return of the summons, without any proof whatever of the truth or justice of the plaintiff's demand. Such judgments, when brought into this court, have invariably been reversed, and the reason assigned for such reversal has usually been, because it did not appear by the record, that any witness had been sworn, or evidence given in support of the plaintiff's claim or demand. To obviate this objection, the plaintiffs, and perhaps the justices, have, in many instances, resorted to the expedient of calling upon some by-stander, and swearing him as a witness, and then without asking him any question, or if any, an immaterial one, have his name inserted as a witness sworn and examined on the part of the plaintiff, so as to give an appearance of fairness and regularity to the judgment. This practice, which is nothing less than a fraud upon the administration of justice, has compelled this court to grant rules on the magistrates, requiring them to certify the truth of the case in relation to the proceedings before them; and for leave to take affidavits when necessary, to prove that the witness whose name has been paraded on the docket, was a mere nominal or pretended one; and that he neither knew nor testified to any matter in the cause.

Such appearing to have been the case in this instance, by the confession of the justice himself, in answer to the rule made on him, the judgment must be reversed. Instead of *hearing* the

Crane *v.* Brundage.

cause, and inquiring into the truth of the plaintiff's allegations at the mouth of witnesses, or requiring other legal evidence, and rendering a true and honest judgment in the matter, the justice not only gave judgment against the defendant in his absence, and without evidence, for one hundred dollars in a penal action, but *perhaps*, lent his judicial ingenuity to the plaintiff, to place the proceeding beyond the reach of the correcting hand of the law, by foisting into his record, the names of two persons as witnesses in the cause, who knew nothing about the case. Besides the unlawfulness and injustice of such a course, it is trifling with the forms of justice and the sanctity of oaths, to swear a man as a witness in a cause, for mere form's sake, and when it is understood at the time, that he knows nothing, and is to testify to nothing relating to the matter in controversy.

All this court can do, in such cases, is to reverse and set aside the judgment; but a repetition of the practice may, one day, demand the attention of another and higher branch of the judicial department of government.

Judgment reversed.